J-S03015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KARL K. MYERS, | |
| Appellant | No. 2479 EDA 2018 |

Appeal from the PCRA Order Entered July 24, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0004755-2011

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 16, 2019**

Appellant, Karl K. Myers, appeals from the order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate the PCRA court's order denying relief and remand for further proceedings.

The facts leading to Appellant's conviction are not germane to this appeal.  On November 7, 2013, the trial court sentenced Appellant to an aggregate term of 14-30 years' incarceration, following his conviction for

> one count each of corrupt organization, 18 Pa.C.S. § 911(b)(3); dealing in proceeds of unlawful activities, 18 Pa.C.S. § 5111(a)(1); conspiracy, 18 Pa.C.S. § 903(a); three counts of criminal use of a communication facility, 18 Pa.C.S. § 7512(a); and four counts each of possession of cocaine, 35 P.S. § 780-113(a)(16); and possession of cocaine with the intent to deliver 35 P.S. § 780-113(a)(30).

*Commonwealth v. Myers*, No. 3243 EDA 2013, unpublished memorandum at 1 n.1 (Pa. Super. filed December 23, 2014). This Court affirmed Appellant's conviction, and our Supreme Court declined further review. ***See Commonwealth v. Myers***, 116 A.3d 697 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 114 A.3d 1039 (Pa. 2015).

Appellant filed a timely, counseled PCRA petition, his first, on September 21, 2015. Therein, Appellant raised claims asserting the ineffectiveness of trial counsel. The PCRA court denied his petition. We affirmed, and our Supreme Court denied further review. ***Commonwealth v. Myers***, 2017 WL 591216 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1036 (Pa. 2017).

Appellant filed the current, facially untimely, *pro se* PCRA petition on July 3, 2018. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 on July 9, 2018. Appellant filed a timely response thereto on July 19, 2018. On July 23, 2018, the PCRA court dismissed the petition. Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued its Rule 1925(a) opinion on October 22, 2018.

Appellant now presents the following questions for our review:

1. Whether the PCRA court erred by dismissing … Appellant's PCRA petition without holding an evidentiary hearing when Appellant received ineffective assistance of trial counsel where counsel failed to communicate a second plea offer?

2. Whether the PCRA [c]ourt erred by dismissing … Appellant's PCRA Petition without holding an evidentiary hearing when Appellant received ineffective assistance of PCRA [c]ounsel who

represented Appellant while burdened under a conflict of interests by prosecuting a PCRA action against a member of her law firm?

Appellant's Brief at 2 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States

or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[1]

Regarding Appellant's first claim, he asserts that he has met the newly-discovered facts exception set forth in Section 9545(b)(1)(ii), based on the following:

Concerning the newly discovered facts exception, Appellant states that on or about May 12, 2018, he received a letter dated May 9, 2018, from A. Charles Peruto, Jr. Attorney Peruto at this point was the former employer of Mr. De[S]ipio and Ms. Capuano.[2] Attorney Peruto had been the trial attorney for one of Appellant's co-defendants, Anthony Dennis, who pled guilty three days before trial and received a 10-20 year sentence. The letter provided to Appellant [stated that] the previously unknown fact that a second plea offer for 4-8 years['] incarceration had been extended by the Commonwealth prior to Appellant[']s trial and that this offer was not communicated to him by Mr. DeSipio.

Appellant's Brief at 4-5. As noted above, Appellant filed the instant, *pro se* PCRA petition on July 3, 2018, thereby satisfying the requirements of Section 9545(b)(2).

The PCRA court dismissed the petition on jurisdictional grounds, finding that Appellant failed to meet any of the PCRA statute's timeliness exceptions.

_____

[1] Section 9545(b)(2) was recently amended to extend this deadline from 60 days to one year.

[2] Attorney DeSipio was Appellant's trial counsel. Attorney Capuano represented Appellant on the direct appeal and as his PCRA counsel during the litigation of his first PCRA petition.

Specifically, the PCRA court ruled that Appellant failed to sufficiently plead and prove that he acted with due diligence in discovering the existence of the allegedly uncommunicated plea offer described in Attorney Peruto's letter. The PCRA court's analysis of this matter, in its entirety, is as follows:

> It is this letter that [Appellant] hangs his hat on; however, there is no explanation as to how Attorney Peruto, who was never Myers' attorney, and was in fact an attorney for [Appellant's] co-defendant at the time of trial, came to write this letter, and there is no verification that indeed the author of the letter is Attorney Peruto. Not only does his claim suffer this infirmity; but also, that because little to nothing is known about the origins and authenticity of this letter, [Appellant] cannot establish due diligence in obtaining this information.[2]
>
> > [2] Further, although this [c]ourt recognizes that it lacks jurisdiction to entertain the substantive merits of the underlying claim, the record glaringly contradicts [Appellant's] claim and the testimony of Attorney DeSipio at the February 5, 2016[] PCRA hearing in regard to [Appellant's] first PCRA petition, contradicted his claim herein. Attorney DeSipio who this [c]ourt found credible at that time, stated that there was never any offer by the Commonwealth if [Appellant] did not cooperate and testify. []PCRA Hearing[,] 2/5/16[, at] 18[].

PCRA Court Opinion (PCO), 10/22/18, at 6.

We agree with Appellant that the PCRA court's analysis is neither "supported by the evidence of record" nor "free of legal error." ***Ragan***, 923 A.2d at 1170. First, the PCRA court questioned the authenticity of Attorney Peruto's letter, but did so without the benefit of an evidentiary hearing. Hence, there is no evidence of record demonstrating, or even tending to demonstrate, that the letter is, in fact, not authentic.

Second, the PCRA court questions how Attorney Peruto came to discover the newly-discovered fact conveyed in his letter. If the PCRA court is suggesting that Attorney Peruto had no such knowledge, it has come to that factual conclusion without the benefit of an evidentiary hearing, and based purely on conjecture.[3] Thus, there is also no support in the evidence of record for the court's doubts regarding the credibility of the claim set forth in Attorney Peruto's letter.

Third, to the extent that the PCRA court's conclusion rests on Appellant's failure to act diligently in discovering the newly-discovered fact at issue, we note that: "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the [party] has put forth a reasonable effort." ***Commonwealth. v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010). Here, Appellant complains that the PCRA court baldly invoked the due diligence element of Section 9545(b)(1)(ii) without reference to the facial import of the letter he received from Attorney

---

[3] To the contrary, Appellant avers that Attorney Peruto has acted as his attorney "since 1995" in various matters. Appellant's Brief at 17. Furthermore, as the PCRA court acknowledged, Attorney Peruto served as co-defendant's counsel at Appellant's trial. PCO at 6. Moreover, as was revealed at the prior PCRA hearing, Appellant's trial attorney, Mr. DeSipio, *was employed by Attorney Peruto at the time of Appellant's trial*. **See** PCRA Hearing, 2/5/16, at 6. Indeed, all three co-defendants were represented by Attorney Peruto's law firm. **Id.** at 11. Hence, it would not be remarkable at all if Attorney Peruto possessed knowledge about plea offers conveyed by the Commonwealth to Mr. DeSipio prior to Appellant's trial. Whether or not that is the case is an issue of material fact to be determined at an evidentiary hearing.

Peruto. Appellant asserts that he had "no information that should have alerted him to be diligent and to begin a search for a second offer."[4] Appellant's Brief at 21. We agree.

This Court cannot imagine what **reasonable** steps Appellant could have possibly taken to discover the information contained in Attorney Peruto's letter before his receipt of that letter. Notably, the PCRA court fails to suggest any for our consideration, and offers scant analysis in support of its decision. After having the first plea offer communicated to him by his trial counsel, there would be no reason for Appellant to think that another plea offer was conveyed to, but not disclosed by, that same attorney. Prior to Appellant's receipt of the letter, it would have been purely fanciful for him to investigate the existence of another plea offer. Indeed, to suggest that it would be reasonable for Appellant, or any other prisoner in similar circumstances, to investigate such farfetched matters is to invite the constant harassment of witnesses, prosecutors, and defense attorneys for years or decades after every criminal case in which a significant term of incarceration is imposed. Accordingly, we reject, as a matter of law, the PCRA court's finding that Appellant failed to exercise due diligence in the discovery of the information contained in Attorney Peruto's letter, as due diligence "does not require perfect vigilance[.]" **Selenski**, 994 A.2d at 1089.

---

[4] As was established at the first PCRA hearing, Attorney DiSipio conveyed to Appellant a plea deal of 3-6 years' incarceration, conditioned on his cooperation with the Commonwealth.

Finally, because we "may affirm on any legal basis supported by the certified record[,]" we turn to address the PCRA court's alternative analysis that rejects the merits of Appellant's claim. ***Commonwealth v. Williams***, 125 A.3d 425, 433 n.8 (Pa. Super. 2015). The PCRA court states:

> Further, although this [c]ourt recognizes that it lacks jurisdiction to entertain the substantive merits of the underlying claim, the record glaringly contradicts [Appellant's] claim and the testimony of Attorney DeSipio at the February 5, 2016[] PCRA hearing in regard to [Appellant's] first PCRA petition, contradicted his claim herein. Attorney DeSipio[,] who this [c]ourt found credible at that time, stated that there was never any offer by the Commonwealth if [Appellant] did not cooperate and testify.

PCO at 6 n.2 (citing PCRA Hearing, 2/5/16, at 18).

The PCRA court's alternative analysis is belied by the record. As Appellant points out, ***see*** Appellant's Brief at 22-24, the PCRA court has misconstrued the nature of Attorney DeSipio's testimony. Attorney DeSipio did not testify that there was never any other plea offer. Attorney DeSipio was asked, "if [Appellant] didn't testify … what would have been the plea at that point … [i]f there was one[?]" PCRA Hearing, 2/5/16, at 18. Attorney DeSipio answered, "***I don't recall*** if there even was one." ***Id.*** (emphasis added). Clearly, Attorney DeSipio testified that he did not remember if such a plea had been offered, not, as the PCRA court suggests, that no such offer had been made. Moreover, even if Attorney DeSipio had testified as the court described, the court's credibility determination was premised on the absence of the at-issue, newly-discovered evidence. Accordingly, we reject the PCRA court's alternative analysis, and decline to affirm on that basis.

Accordingly, we vacate PCRA court's order denying relief, and remand for an evidentiary hearing to address the merits of Appellant's claim that his trial attorney provided ineffective assistance of counsel by failing to convey a plea offer made by the Commonwealth.

In his second issue, Appellant asserts that he received ineffective assistance of PCRA counsel during the litigation of his first, timely PCRA petition, because his PCRA attorney, Attorney Capuano, was also a member of Attorney Peruto's law firm and, therefore, ostensibly had a conflict of interest. Appellant attempts to invoke Section 9545(b)(1)(ii) on the basis that he did not know this constituted a conflict of interest until after he learned of Attorney Capuano's relationship to Attorney Peruto's law firm in a conversation he purportedly had with a friend a week after he received Attorney Peruto's letter.

The PCRA court found that this claim could not meet the requirements of Section 9545(b)(1)(ii) because Appellant "provided absolutely no explanation as to what he did to protect his own interests to find out if indeed Attorney DeSipio and Attorney Capuano had be[en] attorneys at the same firm at the time of his [first] PCRA [petition]." PCO at 7. The court further opined that: "[I]t is hard to believe that [Appellant] could not have known this." *Id.*

Appellant concedes that he "knew that both [A]ttorneys [Capuano and DeSipio] worked for [Attorney] Peruto … and never stated otherwise." Appellant's Brief at 28. However, in a long-winded (but not ineloquent)

- 9 -

diatribe, *see id.* at 28-33, Appellant excoriates the PCRA court for, essentially, permitting Attorney Capuano to represent him during PCRA proceedings, given the potential (or actual) conflict of interest presented by her representation of Appellant while being a member of Attorney Peruto's law firm. This begs the question: Was the PCRA court's ostensibly wrongful conduct not also known to Appellant at an earlier time? Was he not present during those proceedings?

Appellant claims such questions are irrelevant. He asserts:

> What … Appellant didn't know at the time, and what he was not required or expected to know, and what judges and attorneys are required and expected to know, was that a PCRA Hearing is illegal, and void *ab initio* if PCRA [c]ounsel and [t]rial [c]ounsel are members of the same firm.

Appellant's Brief at 33. Hence, Appellant's newly-discovered fact is not that he was previously unaware of Attorney Capuano's relationship to Attorney DeSipio and Attorney Peruto, but his discovery of legal rules that pertain to that relationship. However, it is well-established that the discovery of such legal knowledge cannot satisfy the newly-discovered fact exception to the PCRA's timeliness requirements.

Appellant is correct in identifying that the appearance of a conflict of interest existed. It is true that a PCRA "petitioner alleging ineffective assistance of counsel may not be represented by an attorney from the same office as the allegedly ineffective attorney[.]" *Commonwealth v. Wright*, 374 A.2d 1272, 1273 (Pa. 1977). In *Wright*, the Supreme Court cited and approved of this Court's prior decision in *Commonwealth v. Crowther*, 361

A.2d 861 (Pa. Super. 1974). In **Crowther**, the appellant alleged the ineffectiveness of his plea counsel, and further sought the appointment of new post-conviction counsel because both his post-conviction counsel and his plea counsel were members of the Lancaster County Public Defenders Office. **Crowther**, 361 A.2d at 861. The post-conviction court denied Crowther's request for new counsel. On appeal, the **Crowther** Court reversed, holding that the appellant was entitled the appointment of counsel from outside the Lancaster County Public Defenders Office. **Id.** at 862. Notably, neither **Wright** nor **Crowther** involved the attempted invocation of the newly-discovered evidence exception to the PCRA's time bar (or its predecessor in the Post Conviction Hearing Act). Rather, the courts remanded for the appointment of new counsel during the very appeal in which appellate counsel's conflict of interest had been raised, *pro se*, by the appellant in those cases. **Wright** and **Crowther** were decided in the 1970s, decades before Appellant's conviction. Thus, they were certainly discoverable by Appellant long before his current, facially untimely *pro se* PCRA petition was filed. Indeed, they were discoverable while he was being represented by Attorney Capuano.

Nevertheless, these decisions, and any Rules of Professional Conduct governing conflicts of interest, are not "facts" within the meaning of Section 9545(b)(1)(ii). As our Supreme Court held in **Commonwealth v. Watts**, 23 A.3d 980 (Pa. 2011), "judicial determinations are not facts." **Watts**, 23 A.3d at 986. The **Watts** Court further opined:

> Black's Law Dictionary explains the distinction thusly: "Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule." Black's Law Dictionary 592 (6th ed. 1991). Put another way, "A 'fact,' as distinguished from the 'law,' ... [is that which] is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law." **Id.** Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

**Id.** at 986–87.

Indeed, in **Watts**, the Supreme Court rejected the notion that Section 9545(b)(1)(ii) could be satisfied by a brand new decision of law. Here, Appellant asserts that his personal discovery of already well-established legal precedent and ethical rules should satisfy the newly-discovered fact exception to the PCRA's timeliness requirements. Logically, if a wholly new decision or rule of law cannot satisfy Section 9545(b)(1)(ii), then a relatively ancient one cannot either. As Appellant concedes that he was previously aware of the *fact* that Attorney Capuano worked for Attorney Peruto's law firm while she represented him during his prior PCRA proceedings, he cannot meet the requirements of Section 9545(b)(1)(ii). Accordingly, the PCRA court properly ruled that it lacked jurisdiction to consider Appellant's second issue.

Order **vacated**. Case **remanded** for a PCRA hearing. Jurisdiction **relinquished**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/16/19